## Wabash, St. Louis and Pacific Railway Company

*v.*

## John W. McCleave.

*Filed at Mt. Vernon January 22, 1884.*

1. Taxation—*town taxes are in no sense county taxes.* Town taxes levied for township purposes are not county taxes, within the meaning of section 8, article 9, of the constitution, prohibiting county authorities from assessing taxes the aggregate of which shall exceed seventy-five cents on the one hundred dollars of valuation, except for the payment of indebtedness existing at the adoption of that instrument, etc. Such towns are municipal corporations, and taxes levied by them are for corporate purposes.

2. Same—*town taxes not levied by county board.* Where the proper authorities of towns, townships, districts, and incorporated cities and vil-

lages, certify, in proper time, to the county clerk the several amounts required by them to be raised by taxation, it is made the duty of the county clerk to ascertain the rate per cent, and extend the same upon the tax books. No action of the county board is necessary to authorize such levy, and any order of such board neither adds to nor takes from the duty of the clerk to extend such taxes.

3. SAME—*of municipal corporations.* Organized townships under the Township Organization law have power, under the constitution and the law, to levy and collect taxes for various corporate purposes. The legislature is, by section 9, article 9, of the constitution, authorized to confer upon any and all municipal corporations authority to levy and collect taxes for all corporate purposes; and even if this section of the constitution had not been adopted, the legislature would have ample power to authorize the levy and collection of such taxes. These constitutional provisions are only limitations on the legislative power.

APPEAL from the Circuit Court of Lawrence county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. SAMUEL B. WHEELER, for the appellant.

Mr. K. P. SNYDER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a bill in the Lawrence circuit court, against appellee, as county treasurer, to enjoin taxes that had been levied and extended against the property of the company. It is alleged in the bill that the board of supervisors exceeded their power in levying more than the law authorized for county purposes. Appellee answered, denying that body exceeded its power, and insisted that the supervisors levied no more than is warranted by the constitution and law. A hearing was had, and the circuit court dissolved the temporary injunction and dismissed the bill. On suggestions of damages being filed, and on hearing the proofs, the court decreed that appellant pay to appellee $60, as a reasonable attorney's fee, and complainant brings the record to this court and assigns errors.

: It appears that the board of supervisors levied sixty-four cents on the one hundred dollars of valuation of the property for county purposes, and levied a town tax on the property of each of these towns through which appellant's road was located, for town purposes: For the town of Dennison, $300,—which was ten and one-half cents on each one hundred dollars of valuation; for the town of Lawrence, $250,—which was seven and six one-hundredths cents on the one hundred dollars of the assessed value of property in the town; for the town of Bond, fourteen cents on each one hundred dollars of valuation of property in that town; a road and bridge tax for the town of Dennison of $800,—being twenty-eight cents on the one hundred dollars of valuation of the property in that town; for the town of Lawrence, thirty cents on each one hundred dollars of valuation; for the town of Bond, $450,—being twenty-five cents on each one hundred dollars of valuation; and forty cents on the same valuation in the town of Bond, for special bridge purposes, for the year 1882. It is not disputed that there is statutory authority for the levy of these taxes, but it is urged, with apparent earnestness, that these taxes are county taxes, and are prohibited by the constitution because they exceed the amount authorized to be levied. The portion of the constitution referred to as prohibiting the levy is section 8, article 9, and reads: "County authorities shall never assess taxes the aggregate of which shall exceed seventy-five cents on the one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county." There is no claim that the county was indebted, nor does the levy reach, as specified by the order, that amount by eleven cents on the one hundred dollars. We are unable to appreciate the argument that the town taxes are for county purposes. The towns are municipal corporations, under the

Township Organization law, and these taxes were levied for corporate purposes.

But appellant urges that the law does not authorize the levy of taxes for organized townships—that the law authorizing the levy and collection of taxes for towns refers to incorporated villages. To show that there is not the slightest ground for this objection, we have but to turn to almost any section of the Township Organization law to see that such townships are called "towns." This point is destitute of the slightest force. The last clause of section 9, article 9, of the constitution, recognizes the power of the legislature to authorize these bodies to levy and collect taxes for municipal purposes. This is the entire section:

"The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

This is conclusive of the question. Even if this section had not been adopted, the legislature would have had ample power to authorize their levy and collection. Section 8 of that article is only a limitation on the legislative power to authorize the levy of county taxes, and we have seen the taxes complained of are in no sense county taxes. As well claim the State taxes are for county purposes. The one is no more dissimilar to a county tax than the other. When collected they are paid to town officers and expended for town purposes. The county does not receive or spend them.

The 122d section of the Revenue law provides that the proper authorities of towns, townships, districts, and incorporated cities and villages, shall, annually, on or before the

second Tuesday in August, certify to the county clerk the several amounts which they severally require to be raised by taxation. And the 127th section requires the county clerk to estimate and determine the rate per cent on the valuation of property in the several towns, townships, districts, and incorporated cities and villages, that will produce therein the several amounts required by the county board, or certified to them according to law, and the 128th section requires the county clerk to extend them on the collector's books. Thus it is seen that it was not necessary that the board of supervisors should have made any levy of these municipal taxes. These sections impose the duty on the county clerk without any action on the part of the board. The order of the board in reference to these local taxes added nothing to nor did it detract anything from their validity. So, if anything more was needed to show these were not county taxes, this is conclusive of that question, as they are not levied by the board. They are levied by the town authorities, by filing their certificate of the amount required with the county clerk. That is the levy and authority for the clerk to extend them. The fact that the county board made an order in form levying these local taxes, had no legal effect whatever. It, no doubt, showed of record the amount of taxes levied by the authorities of the towns, etc., but nothing more.

We perceive no error in this record, and the decree of the circuit court is affirmed.

*Decree affirmed.*