## William C. Wright *et al.*

*v.*

## The Wabash, St. Louis and Pacific Railway Company.

*Filed at Springfield May 12, 1887.*

1. Taxation *by counties—constitutional limitation.* Section 8, article 9, of the constitution of 1870, is intended as a general provision applicable to all counties, whether acting under the township system or not. The taxes therein limited to seventy-five cents on the one hundred dollars, are those assessed by the county authorities for county purposes, and for no other purposes; and in counties not under township organization, taxes for roads and bridges are for county purposes.

2. A county not under township organization can not levy and collect a road and bridge tax, which, together with the other taxes levied by it, shall exceed seventy-five cents on the one hundred dollars of taxable property.

Writ of Error to the Circuit Court of Morgan county; the Hon. Cyrus Epler, Judge, presiding.

Mr. CHARLES A. BARNES, States Attorney, and Mr. W. P. CALLON, for the plaintiffs in error:

Section 8, article 9, of the constitution of 1870, provides that counties shall never assess taxes, the aggregate of which shall exceed seventy-five cents per one hundred dollars' valuation, except for the payment of indebtedness existing at the adoption of that instrument, unless under a vote of the people.

Section 121, chapter 120, of the Revised Statutes, substantially limits the power of the county board as in the above section of the constitution. Section 161, chapter 121, of the Revised Statutes, provides, that the county board may annually assess a road tax of not more than twenty cents on each one hundred dollars of taxable property.

The law casts upon every county not under township organization, the duty of taking care of the public roads. As the county is divided into road districts, with the requisite legal machinery in each district to carry out the objects of their creation, and as the tax is levied in each district, it is reasonable to assume that as to such tax the county board acts as the agent, merely, of such districts, they corresponding with the townships in respect to roads and bridges.

It was held in *Wabash, St. Louis and Pacific Railway Co.* v. *McCleave,* 108 Ill. 369, that the township taxes, including road tax, are in no sense county taxes, within the meaning of the constitutional limitation. The only difference between township levies and the one at bar is, that in the former case the township authorities may certify the tax required, while in this case the county board, acting for the various districts, directs the levy.

A part of the county being exempted by law from this road tax,—cities, villages and incorporated towns,—how can it be called a county tax? A county tax must be uniform in its operation. It can not be supposed it was ever intended by the constitutional limitation to make a distinction in different counties.

Mr. GEORGE B. BURNETT, and Mr. GEORGE S. GROVER, for the defendant in error:

The levy in question is, strictly speaking, a tax. It has none of the features of a special assessment. Rev. Stat. (Cothran's ed.) 1883, sec. 161, chap. 121, p. 1345; Cooley on Taxation, (1st ed.) 1; Hilliard on Taxation, sec. 26, p. 16; Burroughs on Taxation, sec. 4, p. 2.

The levy of twenty-two cents in excess of seventy-five cents on the one hundred dollars, being in excess of the constitutional limit, was void. *Mix* v. *People*, 72 Ill. 241; Const. sec. 8, art. 9.

The road tax, being twenty cents of the excess above mentioned, being assessed, levied and collected as other county revenue, was clearly a portion of the "aggregate" of taxes which the county court was authorized to levy. Rev. Stat. (Cothran's ed.) 1883, sec. 25, par. 6, chap. 34, p. 63; sec. 27, chap. 34, p. 64; sec. 161, chap. 121, p. 1345.


Mr. JUSTICE SHOPE delivered the opinion of the Court:

The county of Morgan appears not to have adopted township organization. In 1882, a tax was levied on all the taxable property within the county, for county purposes, of seventy-seven cents on each one hundred dollars' valuation, and in addition thereto, on all taxable property outside incorporated cities and villages, the county board assessed a road tax of twenty cents on each one hundred dollars' valuation. This aggregate tax of ninety-seven cents on each one hundred dollars' valuation was extended against all taxable property outside incorporated cities and villages, including the property of the Wabash, St. Louis and Pacific Railway Company, within Morgan county. On bill filed by the railway company, the circuit court enjoined the collection of all this tax in excess of seventy-five cents on each one hundred dollars' valuation, for county purposes; and to reverse this

decree, William C. Wright, county collector, and the county of Morgan, sued out this writ of error.

It is not questioned but that the levy for county purposes to the extent of two cents (the excess over seventy-five cents on each one hundred dollars' valuation) was an illegal levy, and the decree, to that extent, correct,—both parties conceding that section 8, of article 9, of the constitution, prohibits county authorities from assessing a tax in excess of seventy-five cents per one hundred dollars' valuation, for county purposes. That section reads: "County authorities shall never assess taxes, the aggregate of which shall exceed seventy-five cents per one hundred dollars' valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county."

The material question presented by this record is, does this constitutional provision prohibit county boards, in counties not under township organization, from assessing a road tax of twenty cents per one hundred dollars' valuation on all the taxable property within the county, and outside of incorporated cities and villages, in excess of a levy of seventy-five cents per one hundred dollars' valuation, for ordinary county purposes, thus making an aggregate levy of ninety-five cents per one hundred dollars' valuation. The circuit court held, that the county board was prohibited from levying in excess of seventy-five cents per one hundred dollars' valuation, and that the levy of the twenty cents per one hundred dollars' valuation for road purposes, in excess of the seventy-five cents per one hundred dollars' valuation for county purposes, was without warrant of law, and so decreed. Unless, therefore, it shall be found that the circuit court erred in this respect, its decree must be affirmed.

The constitutional provision referred to was considered by this court in *Wabash, St. Louis and Pacific Railway Co.* v. *McCleave,* 108 Ill. 368, and it was held, that in counties under township organization, town taxes levied for town pur-

poses are not county taxes, within the meaning of this section of the constitution. And in that case, care was taken to show that the constitution itself, (sec. 9, art. 9,) in terms, recognized the power of the legislature to authorize municipal corporations to assess and collect taxes for municipal purposes, and to further show, that organized townships, under the Township Organization law, were municipal corporations. It was also shown in that case, by whom, as a matter of law, township taxes were to be levied; and although the board of supervisors assumed to order the levy, it was held, that this action neither added to nor detracted from the levy,—the levy being made by the township authorities, by filing their certificate of the amount required, with the county clerk, on the authority of which he extends the same upon the tax books.

Counsel for plaintiffs in error direct our attention to that part of the opinion in the *McCleave case* where this language is used: "Section 8 of that article is only a limitation on the legislative power to authorize the levy of *county taxes,* and we have seen the taxes complained of are in no sense county taxes. As well claim the State taxes are for county purposes. The one is no more dissimilar to a county tax than the other. When collected, they are paid to town officers and expended for town purposes." And then asks: "Is the constitution to be construed differently for counties under township organization, and those not? Is it the law that townships can levy road taxes in the townships without violating section 8 of article 9 of the constitution, and that counties not under township organization can not levy road taxes in the road districts of the county, to be used only in the district where collected, without doing so?" And adds: "The only difference between township levies and the one at bar is, that in the former case, the township, being provided by law with the proper officers, ascertains the amount needed, and certifies the fact to the county clerk, who extends it on the tax books,

35—120 ILL.

and it is collected the same as county and State taxes; while in this case, the county board, acting for the various districts of the county, determines the amount necessary, and the clerk extends it on the books in the same manner. In both classes of counties the boards ascertain and certify to the county clerks the amount necessary for county purposes proper, and that amount is extended also."

Taxation is one of the inherent powers of civil government, and its exercise is necessary to the maintenance of the State. It is exercised by the State for State purposes. Within the State, and as State agencies, counties are vested with this power for county purposes; and within the county, other agencies are created, as, incorporated cities, towns and villages, organized townships, and school districts, and vested with taxing power for the several purposes of their creation. These several State agencies are given the power of taxation to effect the particular objects of their creation, and for no other purpose. The county organization is, in importance and degree, next below the State. It has for its object, among others, the preservation of the peace, protection of the public health, the administration of public justice, preservation of the public records, the construction and maintenance of court houses, jails and work houses, relief of the common poor and insane, restraint of criminals, and the establishment and maintenance of public roads and ways. Under township organization, the county is subdivided, and the care and maintenance of roads and bridges vests in officers of the organized townships, and, save in exceptional cases, the county, as such, is relieved of the immediate care of roads.

The two systems of county government, by county commissioners or county court, and by township organization, existed in this State at the time the present constitution was adopted, and had so existed for many years,—the first named, from the organization of the State; and although, by the constitution, the legislature was required to pass laws whereby the

people of a county might adopt township organization, the simpler form of county government, by the county court, was the form existing by operation of law. This was known to the framers of the constitution, and when section 8, of article 9, was incorporated into that instrument, it must have been intended as a general provision, applicable to all counties. When, therefore, it said, "county authorities shall never assess taxes" beyond a stated limit, it must have been understood and intended that the taxes to be assessed by the county authorities should be for county purposes, and for no other purpose. And as we have seen one of the objects of county organization was the establishment and maintenance of public roads and ways, it follows, that a tax assessed by the county board, in counties not under township organization, for roads and bridges, was a tax for county purposes,—a county tax; and section 8, of article 9, above quoted, is a limitation upon the power of the county board to assess taxes (including the road and bridge tax) exceeding, in the aggregate, seventy-five cents per one hundred dollars' valuation.

If we are correct in this, that in counties not under township organization a road and bridge tax assessed by the county board on the taxable property within the county, and outside incorporated cities, towns and villages, is a county tax,— that is, a tax levied for county purposes, as contradistinguished from a State tax, school tax, etc.,—then, upon the authority of the *McCleave case,* it is true, that in counties under township organization, while the limitation of section 8, article 9, operates as to assessments of taxes made by the county boards (boards of supervisors) for county purposes, the organized townships in such counties may, as to property within their limits, levy taxes for township purposes, as may be voted at their town meetings, and also a road and bridge tax not exceeding forty cents per one hundred dollars' valuation, so that, practically, the property of the citizen in one of these organized townships may be subjected to a county tax

of seventy-five cents per one hundred dollars' valuation, and a tax for town purposes, and in addition, a road and bridge tax of not exceeding the rate of forty cents, while in counties not under township organization the rate of taxation for like purposes, including that for roads and bridges, can not exceed seventy-five cents.

We can not concur in the view, that in respect of road taxes there is no substantial distinction between an organized township in counties under township organization, and a road district in counties not under township organization. The distinction seems to us most clearly marked. The organized township is, as we have seen, a municipal corporation, with defined corporate powers, including the power to levy, without the aid of the county board, taxes on the property within its limits, including a tax for roads and bridges, and to control the expenditure of the same. Through this municipal machinery, the people of the township manage the affairs of the township, independent of county or other control, while the road district in counties not under township organization, is a creature of the county board, and in no sense a municipal corporation. That board prescribes its limits, and changes them at pleasure; appoints its only officer,— the supervisor of roads,—and removes him at pleasure; and although the road taxes collected within the district may be paid to and expended by the supervisor only within the district, any surplus goes into the county treasury. And again, in case of emergency, as, the sudden obstruction of roads, destruction of bridges, and the like, if the cost of removal or repair exceed ten dollars, only the county board can act, and to meet the emergency, orders upon the county treasury must be drawn by it. The people of the district have no voice in imposing or expending this road tax. The municipal machinery by and through which it is laid and expended is that of the county alone.

What is said herein in respect of counties not under township organization, is said in view of the state of the Road and Bridge law in force in such counties at the time this road tax was assessed, namely, the act of April 18, 1873, entitled "An act in regard to gateways, roads and bridges in counties not under township organization," and as the same had been amended. Hurd's Stat. 1882, p. 966.

The considerations here expressed, are, to our minds, conclusive of the questions arising on this record. Finding no error therein, the decree of the circuit court is affirmed.

*Decree affirmed.*