## CHARLESTON.

### BRANNON v. COUNTY COURT.

Submitted March 10, 1890.—Decided March 24, 1890.

TAXATION—COUNTY AUTHORITIES—ROAD TAX.

Taxes imposed by the county court for road purposes in a district under chapter 35, Acts 1881 (Code 1887, p 338) are taxes assessed by "county authorities" within the meaning of section 7, art. 10, of the constitution, and are to be included with other taxes levied by the county court, in determining whether the limit of taxation therein fixed will be exceeded.

*Chapman & Littlepage, H. B. Knight, J. W. Kennedy, Brown & Jackson* and *Mollohan & McClintic* for appellants.

*Johnson* and *J. H. Ferguson* for appellee.

BRANNON, JUDGE:

The district of Cabin Creek, in Kanawha county, adopted the alternate road law provided by chapter 35, Acts 1881, (Code 1887, c. 43, § 56*b*). In 1889 the County Court of Kanawha county levied, for general county purposes, ninety five cents on the $100.00 taxable property of the county, and, in addition thereto, thirty cents on the $100.00 of taxable property in Cabin Creek district, for road purposes in that district. P. L. Brannon, a tax-payer in said district, paid to the sheriff all his taxes save this tax levied for road purposes, which he refused to pay, and the sheriff, for its collection, levied upon property of said tax-payer; and he then, suing for himself and all other tax-payers of the district, obtained an injunction restraining the sheriff from collecting this road-tax, making the County Court and Roman Pickens, the sheriff, defendant to his bill, claiming in his bill as the two levies together exceeded ninety five cents on the $100.00 of taxable property, this road levy was illegal. The answers did not deny the facts alleged, but controverted the mere matter of law as to the legality of the tax. Facts were agreed, and the cause was heard on the bill, answers, facts agreed, and on a motion to dissolve the injunction; and the decree was that the motion to dissolve be overruled, and the injunction perpetuated. The said County Court and Sheriff Pickens appealed to this Court.

The ground on which the appellee, Brannon, bases his injunction is that the levy for county purposes of ninety five cents and the thirty cents under the alternate road law of 1881 (chapter 43, Code 1887, p. 338) in the aggregate, exceed ninety five cents on the $100.00 of property, and therefore the tax is in violation of section 7, art 10, of the constitution. That section is as follows: "County authorities shall never assess taxes, in any one year, the aggregate of which shall exceed ninety five cents per one hundred dollars valuation, except for the support of free schools, payment of in-

debtedness existing at the time of the adoption of this constitution, and for the payment of any indebtedness, with the interest thereon, created under the succeeding section, unless such assessment, with all questions involving the increase of such aggregate, shall have been submitted to the vote of the people of the county, and have received three fifths of all the votes cast for or against it."

What is the meaning of the words used in said section, "county authorities shall never assess taxes in any one year ?" What taxes are here meant ? Do these words refer only to taxes imposed for general county charges under the levy called "county levy," or do they mean these road taxes also ? The language is broad and comprehensive—"county authorities" and "taxes." It seems to me that the constitution contemplates four classes of taxes—state, county, municipal, and school-district taxes. Plainly, it contemplates state, county, and municipal taxes, and I think, also, district taxes for education, since section 6, art. 12, provides for subdivision of counties into school-districts, providing that "the school-districts into which any county is now divided shall continue until changed in pursuance of law ;" and section 5 of same article provides that the legislature shall provide for raising in each county or district money for free schools; and section 8, art. 10, provides that no county, city, school-district, or municipal corporation shall incur debt except as prescribed. The legislature has so construed the constitution by creating the board of education of each district a corporation, and vesting it with power to tax for funds in its keeping, and for its distribution. So, I think, the constitution contemplates district taxes for school purposes, as distinct from taxes assessed by county authorities. If so, we have state taxes, school-district taxes for schools, and municipal taxes, but no other district taxes save those levied by the county authorities; and so I know not where we should rank these road taxes, if not as those assessed by county authorities, within the meaning of section 7, art. 10, above quoted—not levied for general county charges, but by county authorities, though expended for works in the district. Besides those specified there is no other taxing power.

The section in question provides that county authorities

shall never assess taxes in any one year, the aggregate of which shall exceed 95 cents per $100.00 except for the support of free schools. If the constitution contemplated only district taxation for school purposes, the mere presence of this exception in the section would be of almost decisive import to show that the section included in its limitation of taxing power district taxes; but the fact that the constitution contemplates local support for schools either by county or district tax detracts somewhat from the significance of this exception. Still, not without weight may it be said that, as both district and county taxation are allowed for schools, by the constitution, this exception applies to both. Exceptions prove the rule. The fact that certain exceptions from this limitation are specified tends to show that all other taxes are meant to be included within the limitation. Another feature of this section 7 strikes me as significant of its meaning, and that is the presence of the word "aggregate," the provision being that county authorities shall never assess taxes, "the aggregate of which shall exceed ninety five cents per one hundred dollars valuation," evidently meaning that more than one kind or species of taxes must be added together for the purposes of the limit of taxation here prescribed. What shall be added? Not charges for the many objects of expenditure which a county may incur, but classes or kinds of taxes. Take all this language, and the prohibition is broad. But, in addition to the foregoing views, based only on the constitution, let us examine the act of the legislature under which this question arises, that called the "alternate road law," with a view to see what class of taxes we shall denominate the taxes imposed under it, and determine whether we should regard them as raised by "county authorities." It provides that the county court shall appoint three road surveyors in the district, and these surveyors shall report to the County Court the amount of money necessary to open and keep in repair the roads of the district, payable in the next year; and it is made the duty of the court to examine such report and the estimates therein, and make such alterations and corrections therein as the court may see proper, and when it levies for the county debts and liabilities, to levy a tax on the male inhabitants and property of the district liable for state and county pur-

posos, which "shall be collected and disbursed in the same manner." Claims for work and other road expenses must be certified to the county court, and, if found correct, shall be allowed by the court, and paid, on order or warrant of the court, by the sheriff. The district lays no tax, nor does its board of surveyors. They allow no claims on the fund. All this is done by the county court. The court alters or corrects the estimate sent it by the surveyors. The tax is imposed upon the inhabitants and property of the district, and expended in the district; but it is estimated, laid, and disbursed by the county court—not by district authorities. The county courts, which are certainly county authorities, by sectiont 24, art. 8, of the constitution, have the superintendence and administration of the internal police and fiscal affairs of their counties, including the establishment and regulation of roads, *etc.* Thus, both the constitution and this statute place roads under this county authority; and it may be said these taxes are under its authority, both under the power to regulate roads and under its power over the fiscal affairs of the county. I do not see that, because the roads are by the legislature to be kept up by taxes levied in each district for the roads therein, that it is any the less a tax levied by the county authorities, within the meaning of section 7, art. 10.

There is another view favoring this conclusion and, in my opinion, a forcible view. The manifest design of the convention and people in adopting that section was to limit and restrict local taxation, a power very necessary to local administration, but one to be jealously guarded, and one often made the medium or instrument of burdensome exaction. It should be given a construction which will effectuate the end so plainly in view. Is it plausible to say that the constitution would limit taxation for county purposes, and leave unlimited an equally dangerous taxation for district purposes? The county purpose has as much reason for an unlimited power of taxation as the district purpose, and more. This construction would distrust the county court as to the ordinary county levy, and trust it as to the levy for district purposes. On the opposite theory keeping the poor, and other duties under present statutes performed by county courts, might be devolved on the districts, and minor duties left the courts;

and, as district taxation is unlimited, the people might be ground down by taxation. The constitution never intended to tolerate such a result. The provision under consideration is in the chapter "Taxation and Finance." I think section 7 of article 10 was intended to protect the tax-payers against unlimited levy as to all taxes except state and school taxes and taxes levied by municipal corporations. Municipal corporations, such as cities and towns, fall under section 9 of article 10, which provides that the legislature may confer on them powers of taxation. Of course, their authorities are not county authorities, but municipal authorities, wielding to a certain extent powers of local government distinguishing them from counties and districts; and they are distinct therefrom—have corporate existence unlike counties and districts, which are mere territorial subdivisions. I do not think that the provision that a proposition to levy beyond said limit must be submitted "to the vote of the people of the county" has force to rebut the construction I have expressed. If the levy is to affect the people of the entire county, the question must be submitted to all its people; if to affect those of a district only, it must be submitted to them. They are all people of the county, in a sense—in the sense contemplated in the section. The major includes the minor. It is impossible to find language entirely exact and rigidly applicable in all contingencies. We must look at the reason and purpose, and apply the language to accomplish them. The construction contended for is too literal and narrow.

A decision of the Supreme Court of Illinois in the case of *Railway Co.* v. *McCleave*, 108 Ill., 368, is pressed upon our consideration for the appellant. Section 7, art. 10, of our constitution is phrased like section 8, art. 9, of the Illinois constitution, which reads: "County authorities shall never assess taxes, the aggregate of which shall exceed seventy five cents per one hundred dollars' valuation;" and our section 7 was borrowed from it. Decisions made by the Illinois court, before the adoption of our constitution, construing this clause, would be authority to us; but this decision was in 1884, and is not binding authority. It holds that "town taxes levied for township purposes are not county taxes, within the meaning of section 8, art. 9, of the constitution,

prohibiting county authorities from assessing taxes the aggregate of which shall exceed seventy five cents on the one hundred dollars of valuation, except for the payment of indebtedness existing at the adoption of that instrument. Such towns are municipal corporations, and taxes levied by them are for corporate purposes." This case is not, however, in conflict with our view. The reason it held such taxes not county taxes, as stated in the syllabus, was that such towns are municipal corporations, and taxes levied by them are for corporate purposes. The judge delivering the opinion said: "The towns are municipal corporations, under the township organization law, and these taxes were levied for corporate purposes. But appellant urges that the law does not authorize the levy of taxes for organized townships; that the law authorizing the levy and collection of taxes for towns refers to incorporated villages. To show that there is not the slightest ground for this objection, we have but to turn to almost any section of the township organization law to see that such townships are called 'towns.' * * * The last clause of section 9, art. 9, of the constitution, recognizes the power of the legislature to authorize these bodies to levy and collect taxes for municipal purposes. This is the entire section: 'The general assembly may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.'" This is just like section 9, art. 10, of our constitution; and were the tax here in queston a tax levied by a municipal corporation, as in the Illinois case, I should reach the same opinion as that court did. There was another reason why that was not a tax assessed by "county authorities." The judge in the opinion gives as another reason for his conclusion, the fact that the Illinois statute required the clerk to estimate the rate per cent. on the valuation of property in the several towns, townships, districts, and incorporated cities and villages, to produce the amount certified to the county board as

needed, and then required the clerk to extend the tax on the collector's book. The judge said : "Thus it is seen that it was not necessary that the board of supervisors should have made any levy of these municipal taxes. These sections impose the duty on the county clerk without any action on the part of the board. The order of the board in reference to these local taxes added nothing to, nor did not it detract anything from, their validity. So, if anything more was needed to show these were not county taxes, this is conclusive of that question, as they are not levied by the board. They are levied by the town authorities, by filing their certificate of the amount required with the county clerk." In West Virginia it is just the reverse as to these road-taxes. The court alone levies them. If this decision is to be construed as justifying the legislature in making what is not essentially a municipal corporation a municipal corporation, by simply calling it such, as, for instance, to make a mere political subdivision, like a district, a municipal corporation, and thus give it taxing power not limited by said section 7, art. 10, we do not approve it. See the later Illinois case of *Wright* v. *Railroad Co.*, 120 Ill. 541, (12 N. E. Rep. 240.)

The question of the constitutionality of this road statute has been argued. When that statute says that road-taxes shall be levied, and gives no limit, it must be taken that it means that they shall be levied within the constitutional limit. The County Court must have an eye to that limit, and so apportion the assessment as will, in their judgment, best answer the public interest, but must keep within the limit ; and, if that be not adequate for public wants, all that can be said is, "So the constitution is written." I think that section 7, art. 10, has the function of limiting all taxes levied in a county except school taxes and those of municipal corporations.

It was argued that this road-tax is not a tax. It has all the features, qualities, and elements of a tax, and is called a tax in the statute which imposes it. Taxes are defined as being "the enforced proportional contributions of persons and property, levied by the authority of the State, for the support of the government, and for all public needs. They are the property of the citizen, demanded and received by

the government, to be disposed of to enable it to carry into effect its mandates, and to discharge its manifold functions." Cooley, Tax'n, 1. "They are burdens of charges imposed by the legislative power of a state upon persons or property to raise money for public purposes." Blackw. "Tax-Titles," 1. This road-tax is certainly a tax.

The decree of the Circuit Court is affirmed, with $30.00 damages and costs to appellee against said County Court.

AFFIRMED.