HENRY H. ADAMS, County Treasurer of Kings County, Respondent, *v.* THE EAST RIVER SAVINGS INSTITUTION, Appellant.

The provision of the State Constitution (Art. 8, § 11) prohibiting a county containing a city of over 100,000 inhabitants, or any such city from becoming indebted to an amount, including existing indebtedness, exceeding ten per cent of the assessed valuation of its real estate, is to be taken distributively, not collectively; and so, in determining when the limitation has been reached, a debt of the city may not be charged against the county, or of the county against the city.

Where, therefore, bonds issued by the county of Kings under statutory authority, were sold, and a purchaser refused to complete his purchase because of the alleged invalidity of said bonds, under said constitutional provision, and it appeared that the issue of bonds, added to the then existing indebtedness of the county, did not reach the prescribed limit, but that adding thereto the indebtedness of the city of Brooklyn, in said county, the limit was exceeded, *held*, that the bonds were valid; and that the purchaser was properly required to complete its contract.

(Argued October 18, 1892 ; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made June 11, 1892, directing a judgment in favor of plaintiff, upon a case submitted under section 1279 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*Clarence F. Birdseye* for appellant. This court has already decided, in the case of at least one city and county of the state, that the debt limitation cannot exceed ten per cent of the total taxable real estate valuation of such city and county. (*Bank for Savings* v. *Grace*, 102 N. Y. 313.) An interpretation will not be given to this amendment of section 11 of article VIII of the Constitution that will cause it to have different meanings in different parts of the state or that will put different burdens on the different cities affected by it. (Cooley's Const. Lim. [6th ed.] 68 ; *Smith* v. *Judge*, 17 Cal.

554; *In re Bull*, 111 N. Y. 624; *In re Church*, 92 id. 1; *People* v. *Squire*, 107 id. 593, 601; *Ferguson* v. *Ross*, 126 id. 459, 464.) An interpretation will not be given to this section which will leave it entirely to the legislature to determine whether it shall mean a ten per cent or a twenty per cent debt limitation upon the taxable real estate of any city to which it may be applicable. (*Newell* v. *People*, 7 N. Y. 9, 101.) The plaintiff would make the debt limitation depend, not on the valuation of the taxable real estate, but upon whether the legislature has overlapped or shall overlap that real estate by one, two or more corporations. (*Dyan* v. *Farmington*, 70 Me. 515; *Huber* v. *People*, 49 N. Y. 132.) It was the intention of the legislature and of the people by the constitutional amendment to limit absolutely the power to create debts in the case of cities having over one hundred thousand inhabitants, or of the counties containing such cities. (*Sweet* v. *City of Syracuse*, 60 Hun, 38; 129 N. Y. 316.) The construction of a portion of the Constitution, and not the constitutionality of a statute, is involved in this case. (*Settle* v. *Van Evrea*, 49 N. Y. 280.) Where the words are not perfectly clear, unambiguous and free from doubt, " a constitutional provision must be construed, and its true meaning determined by the application of the same rules that courts have sanctioned for the interpretation of statutes." (*People ex rel.* v. *Wemple*, 125 N. Y. 493.) If possible, apparent contradictions will be reconciled and effect will be given to every part of the enactment. (*Hoey* v. *Gilroy*, 129 N. Y. 132; *People ex rel.* v. *McClave*, 99 id. 83; *Newell* v. *People*, 7 id. 114.) As in the case of a statute, effect must be given to this constitutional provision according to the intention of the legislature and the people. (*People ex rel.* v. *Wemple*, 125 N. Y. 488; *McDowall* v. *Sheehan*, 129 id. 200.) To ascertain this intent of the lawmakers (whether people or legislature) in regard to an ambiguous provision of the Constitution, the courts will keep in view its history and the conditions and circumstances attending its adoption, and will construe the language of the Constitution in view of the purpose

which it was intended to accomplish, and of the mischief to be prevented, and so as not to thwart such purpose. (*Sweet* v. *City of Syracuse,* 129 N. Y. 330, 340 ; *Bank for Savings* v. *Grace,* 102 id. 318 ; *People ex rel.* v. *Potter,* 47 id. 375 ; *People ex rel.* v. *Wemple,* 125 id. 488 ; *Newell* v. *People,* 7 id. 9–139.) The court will give proper weight to any construction already placed upon this section of the Constitution by the legislature, or by the officials of any of the cities affected by it. (*People ex rel.* v. *Dayton,* 55 N. Y. 367, 378 ; *Coutant* v. *People,* 11 Wend. 513 ; *Cohoes* v. *Virginia,* 6 Wheat. 264.) In interpreting constitutional provisions, courts may consider the results of the various constructions to ascertain what was intended by the lawmakers. (*People ex rel.* v. *Mann,* 97 N. Y. 530.)

*William C. De Witt* and *John Meyenberg* for respondent. The power of Kings county to become indebted, obediently to the express legislative mandate of the state, is no further limited by section 11, article VIII of the State Constitution, than that such indebtedness shall not at any time exceed ten per centum of the assessed valuation of the real estate of the county subject to taxation, and the sum or character of the debts of other municipalities included within the territory of the county, is, as matter of law, wholly irrelevant to this limitation. (Cooley's Const. Lim. 38, 55, 58 ; *People* v. *Blodgett,* 13 Mich. 138 ; *Spencer* v. *State,* 5 Ind. 76 ; *Gibbons* v. *Ogden,* 9 Wheat. 188 ; *Settle* v. *Van Evrea,* 49 N. Y. 280 ; *Newell* v. *People,* 7 id. 9.) It is indispensable to the safe and just exercise of the higher powers of government that a liberal margin of county indebtedness should be left to the discretion of the legislature. (*McCulloch* v. *Maryland,* 4 Wheat. 428 ; *Litchfield* v. *Vernon,* 41 N. Y. 123.)

O'BRIEN, J. It appears from the record that on the 14th of April, 1892, the plaintiff, as county treasurer of the county of Kings, acting under the authority of a resolution of the board of supervisors of that county and certain statutes then

in force, offered for sale and invited bids for bonds of the
county amounting in the aggregate to the sum of $620,000.
Various persons and corporations thereupon made bids for the
purchase of the bonds.   The defendant bid the sum of
$91,104 for $90,000 par value of the same and its bid was
duly accepted by the plaintiff.   The defendant gave its check
for the amount of the bid, but afterwards stopped the pay-
ment thereof and refused to complete its purchase upon the
ground that the bonds were void having been issued without
power and in violation of the prohibition contained in art. 8,
§ 11 of the State Constitution.   It is conceded that if the
bonds are valid that the defendant is bound to receive them
and pay the sum bid therefor otherwise not.   Upon an agreed
case submitted to the General Term it was held that the
plaintiff had power to issue and sell the bonds, and that the
portion of the issue purchased by the defendant were valid
obligations and that the plaintiff was entitled to judgment.
We think that the judgment is correct and, as the reasons in
support of the conclusion reached, have been very fully and
clearly stated by the learned judge who gave the opinion at
the General Term, in which we fully concur, it is quite
unnecessary for us to enter upon any lengthy discussion of
the question.   The provision of the Constitution which it is
claimed forbids the issue of the bonds in question went into
effect on the first of January, 1885, and is as follows:  "No
county containing a city of over one hundred thousand inhabit-
ants, or any such city, shall be allowed to become indebted
for any purpose or in any manner to an amount which, includ-
ing existing indebtedness, shall exceed ten per centum of the
assessed valuation of the real estate of such county or city
subject to taxation, as it appeared by the assessment-rolls of
said county or city on the last assessment for state or county
taxes prior to the incurring of such indebtedness; and all
indebtedness in excess of such limitation, except such as may
now exist, shall be absolutely void, exept as herein otherwise
provided.   No such county or city whose present indebtedness
exceeds ten per centum of the assessed valuation of its real

estate subject to taxation shall be allowed to become indebted in any further amount until such indebtedness shall be reduced within such limit. This section shall not be construed to prevent the issuing of certificates of indebtedness or revenue bonds issued in anticipation of the collection of taxes for amounts actually contained, or to be contained, in the taxes for the year when such certificates or revenue bonds are issued and payable out of taxes. Nor shall this section be construed to prevent the issue of bonds to provide for the supply of water, but the term of the bonds issued to provide for the supply of water shall not exceed twenty years, and a sinking fund shall be created on the issuing of the said bonds for their redemption, by raising annually a sum which will produce an amount equal to the sum of the principal and interest of said bonds at their maturity."

The territory embraced within the county of Kings is the city of Brooklyn and four regularly organized towns. Ninety-six per cent of the total real estate of the county, according to the valuation next preceding the issue of the bonds in question, was within the corporate limits of the city of Brooklyn and the other four per cent in the towns. The city has a large municipal debt of its own. The county, as such, has also a debt of several millions, and the towns, in their corporate capacity, have also created debts. The objection to the validity of the bonds in question is that they create a debt against the county, which, when added to the debt existing at the time of the issue, makes an aggregate indebtedness of the county exceeding ten per centum of the assessed valuation of the real estate of the county subject to taxation, as appears by the assessment rolls of the county, made at the last preceding assessment for state and county taxes. The defendant, however, reaches and passes the ten per cent limit only by computing the municipal debt of the city of Brooklyn as part of the indebtedness of the county of Kings, and unless this proposition can be maintained, the defendant's contention must fail, and the bonds purchased by the defendant are unquestionably valid. This provision of the Constitution declares void all

indebtedness created in violation of the limitations therein prescribed; but these limitations must be taken and understood distributively, and not collectively. As thus understood, the limitation applies to two distinct cases: (1) A city containing over one hundred thousand inhabitants. (2) A county within which is a city containing that population. The prohibition is aimed at each of these organizations, or political divisions, of the state separately. When it is proposed to issue additional city bonds in a city of the class mentioned in the Constitution, there are two facts to be considered; first, the existing indebtedness of such city, and secondly, the valuation of the real estate therein. The indebtedness of the county of which the city forms a part does not play any part in the process of determining when the limitation is applicable, as it is wholly immaterial. So, also, when a county, containing as the county of Kings does a city of more than one hundred thousand inhabitants, desires to create an additional debt, the ten per cent limitation is not reached until the county debt equals ten per centum of the valuation of all the real estate in the county, including, of course, the real estate in the city which forms a part of the county; but in ascertaining when the limitation is reached in such a case, the debt of the city cannot be charged against the county any more than its proportionate share of the state debt or the debt of the several towns within its limits. The power of the county or the city, as the case may be, is restricted only by the amount of its own debt, and for the purpose of creating a disability against the one or the other, the debts of both cannot be aggregated. The contention of the learned counsel for the defendant pushes the prohibition to a point not warranted by a fair consideration of the language used, or the general purpose which the framers of the amendment intended to accomplish.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.