## CHARLESTON.

DAVIS v. WAYNE COUNTY COURT.

Submitted June 22, 1893.—Decided November 25, 1893.

1. DEBT—COUNTY COURT—CONSTITUTIONAL LAW.

   Section 8, Art. X of the constitution prohibits the incurring of any indebtedness by a County Court, which can not be paid out of the funds on hand or the levy for the current fiscal year, without complying with the other requirements of this section.

2. DEBT—COUNTY COURT—CONSTITUTIONAL LAW.

   A County Court can not bind the levies of future years under sections 25, 26, c. 194, Acts 1872-73, to pay for improvements made on roads and bridges, without first submitting all questions in relation thereto to a vote of the people, as required by section 8, art. X, of the constitution.

3. DEBT—COUNTY COURT—CONSTITUTIONAL LAW—NOTICE—ASSUMPSIT—MANDAMUS.

   A contractor or laborer dealing with the County Court is charged with notice of the constitutional limitation of its powers; and, if he performs labor or does work for it under an unauthorized contract of payment out of the levies of future years not out of the funds on hand or the levy for the current fiscal year, he can not recover for the same in an action of *assumpsit*, or compel the County Court by *mandamus* to lay a levy for payment thereof, even though the County Court has issued certificates, orders or evidences of debt therefor.

4. DEBT—COUNTY COURT—CONSTITUTIONAL LAW—NOTICE—ASSUMPSIT—MANDAMUS.

   An assignee of such indebtedness has no greater rights to enforce payment thereof than his assignor.

CAMPBELL & HOLT, for plaintiff in error cited Acts 1872-3 c. 194, s. 25, 26; 35 W. Va. 605; Const. Art. X, sec. 8; 114 U. S. 132; 7 W. Va. 501.

VINSON, McDONALD & THOMPSON for defendant in error cited Acts 1872-3, c. 114, s. 57; Code, c. 39, s. 43; Code, c. 38, s. 29; Acts 1872-3, c. 114, s. 28; Code, c. 43, s. 25, 26; Const. Art. 8, sec. 24, 28; 25 W. Va. 46; 28 W. Va. 284; 17 S. E. Rep. 379; Code, c. 43, s. 41; Cool. Const. Lim.

(5th Ed.) 206; Id. 201 ; Const. Art. X, sec. 81; Cool. Const. Lim. 70; 71, 77 ; 98 U. S. 307 ; 47 Col. 488 ; Dil. Mun. Corp. § 406 ; 27 Barb. 264 ; 18 Ohio St. 563 ; 33 Pa. St. 210 ; 14 N. Y. 361 ; 28 Barb. 65.

Dent, Judge :

This is a proceeding by *mandamus*, instituted by R. D. Davis, assignee and holder of certain interest-bearing orders issued by the County Court of Wayne county during the years 1887, 1888, and 1889, in the Circuit Court of said county, to compel said County Court to provide by levy for the payment thereof, now aggregating, as shown by the judgment, six thousand one hundred and nineteen dollars and eighty seven cents.

The County Court appeared to the *mandamus nisi*, and filed its answer, in which it relied—First, on the statute of limitations as to the original cause of action or consideration on which the orders were founded; second, that said orders were in lieu of certain certificates of indebtedness issued by said court under chapter 194, §§ 25, 26, Acts 1872–3, during the years 1881, 1882, 1883, 1884, and 1885, without first having submitted all questions relating to such indebtedness to a vote of the people, in violation of section 8, Art. X of the constitution, and were therefore void, as they were but the renewal of an indebtedness originally contracted without authority of law.

Plaintiff demurred to this answer, and the court rendered judgment for him on the demurrer and awarded a peremptory writ of *mandamus.* From this judgment defendant obtained a writ of error, and now here relies on the same two matters of defence set out in its answer.

If the debt when originally contracted was lawful, the statute of limitations will not bar it, for the reason that it is a good consideration for a new promise in writing. Code, s. 8, c. 104 ; 2 Tuck. Comm. 152. The question then, is whether the debt in its inception was unconstitutional and void, and, if so, had the county the authority to ratify the same by issuing new orders and providing a levy for the payment thereof? Sections 25, 26, c. 194, Acts 1872–73, are as follows, to wit : "(25) When a bridge is necessary

within a county or across the boundary thereof, and it is not practicable for the surveyor of the road precinct to have it built or repaired with the means at his disposal, the County Court of the county may contract for same, or any part thereof, on such terms as may be agreed upon, and take bond and security from any contractor for the faithful performance of his contract, and pay for the work, in whole or in part, out of the county treasury or by issuing bonds or other evidence of debt, for the same, as may be agreed upon. * * * (26) In like manner they may contract and pay for making, improving or keeping in order, the whole or any part of any county-roads within the county."

The several certificates of indebtedness issued thereunder by the County Court were in form as follows, to wit: "STATE OF WEST VIRGINIA, County of Wayne.

"Wayne C. H., November 14, 1883.

"Due James Pritchard, or order, without offset, the sum of one thousand and seventy eight dollars and twenty five cents, payable out of the road fund of Union district number 2, levy for the year 1885, with interest from date, payable at the Catlettsburg National Bank, Catlettsburg, Ky., semi-annually. This evidence of debt is issued under and in the pursuance of an order of the Wayne County Court passed at the levy term, July 7, 1880, under the 25th and 26th sections of the road law of West Virginia. (Acts of 1872–3.)

"Present: Ten justices and the president of the court.
"JAMES McQUINN, Pres.        P. H. NAPIER, Clerk.
"By CHAPMAN FRY, D. C."

The orders issued in renewal of the certificates, and on which these proceedings are founded, are in form as follows, to wit:

(PART OF No. 833):

" Wayne County, W. Va., April 4, 1889.

"The sheriff will pay to James Prichard or order the sum of eight hundred and eighty three dollars and ninety two cents, allowed by special order entered on the 2nd day of July, 1889, after deducting therefrom the amount of all state, county and other taxes and levies in his hands for collection against the said James Prichard, 2nd district

road levy of 1888, with interest from date, payable semi-annually at Catlettsburg National Bank, Catlettsburg, Ky.

"CHAPMAN ADKINS, President, CHAPMAN FRY, Clerk."

"$883.92."

Indorsed as follows:

"$883.92. No. 8,954. Chapman Atkins, Pt. Sheriff of Wayne county, April 4th, 1888, one hundred and eighteen dollars and sixty five cents. Interest paid on the within claim, this 2nd day of July, 1889.

"JAMES PRICHARD."

"Presented June 1st for payment. I never had any part of the levy named in my hands; that being collected before my term of office.

"SAUNDERS SPURLOCK, S. W. C."

"Value received, I assign the within to R. D. Davis, June 22, 1891."

"JAMES PRICHARD."

In the case of *List* v. *City of Wheeling*, 7 W. Va. 501 Judge HAYMOND in construing section 8 Art. X of the constitution holds:" It was not intended to and does not in any wise interfere with or prevent the levying, collecting, and expenditure of taxes annually by authority of law by the proper legal authorities of the counties, * * * and to do and cause to be done whatever is necessary for that purpose, including the making and causing to be made contracts touching the disbursement of taxes levied and collected annually and the like, and all this without a vote being taken."

This construction has been since approved in the cases of *Brannon* v. *County Court*, 33 W. Va. 789 (11 S. E. Rep. 34) and *Spilman* v. *City of Parkersburg*, 35 W. Va. 605 (14 S. E. Rep. 279). In the latter case it was held that the "term 'indebtedness' includes every kind of indebtedness, no matter in what manner created or voluntarily brought about."

The constitution plainly forbids the contraction of any debt for any purpose "unless all questions connected with the same shall have been first submitted to a vote of the people, and have received three fifths of all the votes cast for and against the same;" and it must be presumed that the legislature had this provision of the constitution in

mind when it passed the law before quoted, and expected the County Court, before creating any indebtedness under it, to comply with the constitutional requirements.

The County Court may expend the current revenues and accrued funds, and make contracts looking to that end; as that, which the court may have the means of paying either in the treasury or by the current fiscal levy, is not the contraction of debt within the meaning of the constitution, but is merely the appropriation and application of the annual income of the county to the ligitimate purposes for which it was accumulated and levied. But where the county authorities attempt to or do bind, without a proper vote of the people, the levies of future years in any manner or for any purpose whatsoever, either by contract, express or implied, their action in so doing is a usurpation of power and an infringement of the constitution, and such contract is null and void, and is not a good consideration for any future order on the funds of any future year, and all orders issued on such consideration alone are invalid.

Neither can any action be maintained for the work and labor performed by virtue of such illegal contract, as the law avoids the express, and will not, therefore, raise an implied *assumpsit*. It is true the person furnishing the labor and material may have been misled by the County Court and the legislative enactment, but this is no reason why a constitutional requirement should be disregarded. It is the supreme law of the State and binding on all alike, and can neither be legislated away nor contracted away by the County Court and individuals. Every citizen, high or low, learned or unlearned, is bound to take notice of and abide by all its provisions, and he can not enjoy the protection, privileges and immunities it affords, and then be heard to plead ignorance of its inhibitions. They who deal with the county authorities are charged with notice, that such authorities are limited in their expenditures to the annual income, derived from their power to levy taxes annually, and must make their contracts accordingly. To hold otherwise would place it in the power of such authorities to evade the constitutional limitation, and bankrupt every county in the State. *City of Litchfield* v. *Ballou*, 114 U. S·

190 (5 Sup. Ct. 820). It is the first duty, and highest obligation thereunder, of every legal tribunal and citizen to preserve the constitution inviolate. For this Court not to do so because of a claim meritorious but for its provisions would be only to strike down the instrument that secures its own existence, and dig a pit for its own destruction.

The assignee of a non-negotiable illegal claim can stand on no higher ground than the assignor, and he is entitled to no more consideration, even though the assignment be for value. A void contract can not be made valid by transfer or assignment.

For the foregoing reasons it becomes our imperative duty to reverse the judgment of the Circuit Court, quash the writ of *mandamus*, and dismiss the petition, at the plaintiff's cost.