CARL C. SANDERS *v.* THE COUNTY COURT OF RALEIGH COUNTY *et al.*

(CC 512)

Submitted May 29, 1934. Decided June 5, 1934.

188

*Carl C. Sanders* and *Ben H. Ashworth,* for plaintiff.
*Meadows & McGinnis* and *Grover C. Trail,* for defendants.

HATCHER, JUDGE:

Plaintiff sought to enjoin the defendant county court from taking proceedings necessary to a proposed county bond issue of $280,000.00. The circuit court sustained a demurrer to the bill, and certified its sufficiency here.

The only question is: does the statute limiting the indebtedness of the county and its subdivisions forbid the bond issue?

The bill alleges that the county of Raleigh, itself, has no specific bonded indebtedness, but has unbonded indebtedness of the amount of $157,595.66; that the bonded indebtedness of the seven school districts of the county amounts to $540,775.00, and their unbonded indebtedness to $16,712.05; that the bonded indebtedness of the magisterial districts for roads and bridges is $1,568,-055.07; that the bonded indebtedness of three cities in the magisterial district of Town is $365,211.64; and that the value of the taxable property in the county, as shown by the last regular assessment, is $41,040,518.00.

Constitution, Article X, section 8, says: "No county, city, school district or municipal corporation * * * shall hereafter be allowed to become indebted * * * to an amount * * * exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes." Code 1931, 13-1-3, forbids a bond issue by any of the governmental units named in section 8, *supra,* whereby a unit will become indebted to an amount (including all other indebtedness) exceeding two and one-half per cent of the value of the taxable property of the unit as shown by the last regular assessment. For certain designated purposes the statute permits the units to become indebted "an additional sum not to exceed two and one-half per cent of the value of the taxable property therein."

Article X, section 8, *supra,* is strictly a limitation on the power of the political divisions therein mentioned to become indebted and is not, as the defendants contend, a

grant of that power. Within that limitation the sovereign right of the legislature to regulate the issuance of bonds is not impaired. Code 1931, 13-1-3, is similar to Acts 1905, chapter 51, section 1. The older statute was expressly validated in *Pfalzgraf* v. *County Court*, 73 W. Va. 723, 81 S. E. 397. We are of opinion that the later statute also is valid.

Constitutional and statutory limitations on the indebtedness of distinct political divisions apply distributively and not collectively. *Adams* v. *Savings Institution*, (N. Y.) 32 N. E. 622, 623. School districts and municipal corporations are independent governmental units, free from control by the county. 56 C. J. 196-7. Hence their obligations are treated as distinct from those of the county. Annotation, 37 L. R. A. (N. S.) 1108. A magisterial district as such is not a corporate unit, is not recognized at all in Article X, section 8, and cannot function fiscally apart from the county. The fact that the territorial boundaries of magisterial and school districts are identical is mere coincidence. "A magisterial district * * * is * * * a legal nonentity, a merely physical and political subdivision of the county's territory, made for the purpose of electing certain officers." *Neale* v. *County Court*, 43 W. Va. 90, 95, 27 S. E. 370, 372. Consequently, for the purpose of determining the extent of county indebtedness, that of magisterial districts is regarded as that of the county. *Neale* v. *County Court, supra; Brannon* v. *County Court*, 33 W. Va. 789, 11 S. E. 34.

It is suggested that the effect of *White* v. *County Court*, 63 W. Va. 230, 59 S. E. 884, is to overrule the *Neale* and *Brannon* cases. We cannot accept the suggestion. The *White* case excluded contemplated expenditures for district road purposes from a statutory limitation of the levy for county purposes. But the opinion in the *White* case is careful to differentiate it from the two former decisions; and the *Neale* case is recognized as existing law in three opinions subsequent to the *White* case, to-wit, *Pfalzgraf* v. *County Court, supra,* page 726, *Hickenboatom* v. *County Court*, 95 W. Va. 253, 258, 120 S. E. 767,

and *State* v. *County Court*, 97 W. Va. 615, 619, 125 S. E. 576.

Further solution of this question is purely mathematical. Two and one-half per cent of the assessed valuation of the county is $1,026,012.95. The sum of the county's unbonded indebtedness ($157,595.66) and of the bonded indebtedness of the magisterial districts ($1,568,055.07) is $1,725,650.73. This sum is far in excess of the amount ($1,026,012.95) which the county could primarily assume under the statute. The purpose of the proposed bond issue is to obtain money to erect a courthouse and jail. The county court cannot proceed in this matter under the "additional sum" provision of the statute, because the erection of a courthouse and jail is not one of the purposes designated in the provision.

Therefore the ruling of the circuit court on the demurrer is reversed and the cause remanded.

*Reversed and remanded.*