R. L. Bannister *et al. v.* Town of Glasgow

(No. 8218)

Submitted February 4, 1936.   Decided March 3, 1936.

*W. E. R. Byrne,* for plaintiff in error.
*Salisbury, Hackney & Lopinsky,* for defendants in error.

Woods, Judge:

The common council of the Town of Glasgow and the several officers composing same prosecute error to a judgment of the circuit court of Kanawha County directing that the said town and the officers thereof do appoint election officials, print ballots bearing names of nominees for mayor, recorder and councilmen, as submitted by the two local parties, viz., the citizens and the independent, and hold the general election on June 4, 1935.

The mandamus proceeding was precipitated by the council's rejection of minutes of the two nominating conventions, held on the 13th and 15th, respectively, of May, 1935, on the ground that the conventions were held too late, i. e., less than twenty-five days prior to the general election.   Code 1931, 8-3-15.

The relators, as representatives of the citizens and taxpayers of the Town of Glasgow, aver, in their petition, filed May 31, 1935, that since the town's incorporation in 1920, general elections for selection of municipal officers have been provided for and maintained through authority of the council; that nominees in each instance have been chosen by conventions held less than twenty-five days prior to the general municipal election; and that conventions in the instant case were duly and lawfully called and held and the results thereof certified according to law.

A demurrer, which challenged the sufficiency of the petition on the single ground that it did not allege any convention was held by any party or class of citizens twenty-five days before June 4, 1935, as required by Code 1931, 8-3-15, was overruled.

The return and answer, although making general averments to the effect that the nominations had not been made at regular and lawfully constituted conventions, or properly certified after having been made, says, by way of admission, that the council resolved, because of the fact that no convention had been assembled twenty-five days prior to June 4, 1935, that said election could not be legally had. It makes no denial of the averment in the petition that the convention has been resorted to in nomination of candidates since the incorporation of the municipality.

The admitted course of conduct over the period 1920 to the institution of the present proceeding being, in the opinion of the Court, tantamount to prescribing a method of making nominations, within the meaning of Code 1931, 8-3-16, we are confronted with the question of the applicability of the twenty-five days provision, set up in the answer and return.

Section 15, article 3, chapter 8, Code 1931, which refers to primaries, within the meaning of chapter 3, Code, does not apply to municipalities having special charters, or to those not having special charters that have prescribed their own methods of nominating officers. Code 1931, 8-3-16. The council's right to invoke the twenty-five day provision of section 15 is dependent upon councilmanic

174

action making that portion of the statute a part of its election procedure. Nothing appears indicating that the nominations were not certified within a reasonable time prior to the general municipal election.

Since the duty falls upon the council to hold an election under the law (*State ex rel. Heironimus* v. *Town of Davis*, 76 W. Va. 587, 85 S. E. 779; *Gay* v. *City of Buckhannon*, 96 W. Va. 380, 123 S. E. 182), and since the date set by statute has passed, the respondents will be required to call a special election for the purpose of selecting a mayor and other officers. *State ex rel. Kirk* v. *Curry, Mayor*, 98 W. Va. 72, 126 W. Va. 489.

The judgment, except for the necessary correction requiring the holding of a special election, is accordingly affirmed.

*Affirmed.*