## Westfall Township Election

*Karl A. Wagner*, for petitioners.

*Harold C. Edwards*, for board of elections.

DAVIS, P. J., October 7, 1949.—This matter comes before the court on petition of six qualified electors

of Westfall Township, Pike County, Pa., asking that the nomination of John H. Hanrahan for the office of supervisor of the township on the Republican ballot be declared invalid. A rule to show cause why this nomination should not be declared invalid was issued. The Board of Elections of Pike County entered its appearance by the county solicitor and filed an answer. John H. Hanrahan did not enter his appearance or file an answer. Pursuant to the aforesaid rule a hearing was held on October 5, 1949.

From the evidence adduced we find the following facts:

1. That at the primary election held September 13, 1949, the official Republican primary ballot for the township of Westfall, Pike County, Pa., had printed thereon for nomination the office of township supervisor and had the name of one candidate, to wit, John H. Hanrahan, printed on the official ballot under the designation of said office.

2. That John H. Hanrahan was the only candidate of the Republican Party for this office in the township that had filed nomination papers.

3. That no blank space was provided on the official Republican ballot for the office of supervisor in the township for the voters thereof to use to vote for a person whose name did not appear on the ballot.

4. That at least three duly qualified voters of the township who appeared at the hearing before the court and testified desired to vote for a candidate for supervisor other than John H. Hanrahan, and were unable legally so to do.

5. That John H. Hanrahan was duly certified by the Board of Elections of Pike County as the Republican nominee for the office of Supervisor of the Township of Westfall, in that county.

6. That the failure to provide a blank space on the official ballot under the heading "Supervisor" was not

called to the attention of the Board of Elections of Pike County until after the polls had opened and various persons had voted the Republican ballot.

The Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 1002, 25 PS §2962, relating to the form of official primary ballot, provides, inter alia:

"There shall be left at the end of the list of candidates for each office (or under the title of the office itself in case there be no candidates who have filed nomination petitions therefor) as many blank spaces as there are persons to be voted for, for such office, in which space the elector may insert the name of any person whose name is not printed on the ballot as a candidate for such office."

It is clear that the ballot in question as relates to the office of supervisor did not meet the requirements of the statute. The right to vote for a person other than the one whose name is printed on the official ballot was not only recognized in the Election Code of 1937, but had long been recognized in prior law. In 1895 Mr. Chief Justice Sterrett held:

"The only prescribed mode of voting for persons, 'whose names are not already on the ballot,' is 'by inserting (their names) in the blank spaces prepared therefor' . . .": Little Beaver Township School Directors' Election; Appeal of Albert McCowin and R. J. Miller, 165 Pa. 233, 236.

An examination of the Election Code of 1937, with its amendment, convinces us that in this respect the law has not been changed, and therefore, we must conclude that those persons desiring to vote for a candidate other than John H. Hanrahan were deprived of the right to do so. The ballot was defective and the defect may have affected the result of the primary election.

Section 1772 of the Election Code, 25 PS §3472, provides as follows:

"Whenever in any contested nomination or election, the tribunal trying the case shall decide that the ballots or ballot labels used in one or more election districts, by reason of the omission, addition, misplacing, misspelling or misstatement of one or more titles of office, or names of candidates, or parties or bodies represented by them, were so defective as to the office in contest as to be calculated to mislead the voters in regard to any of the candidates nominated or seeking nomination for said office, and that the defective condition of the said ballots or ballot labels may have affected the result of the entire primary or election for said office, the said tribunal shall declare the primary or election to be invalid as regards the said office, and in the case of elections shall report their decision, in cases where vacancies in such offices are filled by appointment, to the proper officer or officers who are by law authorized to fill vacancies occurring in such office, who, upon receipt of such notice, shall, without delay, proceed to appoint a suitable person or persons to fill the vacancies thus created, and the person or persons so appointed shall continue in office until the next election succeeding his appointment at which such office is by law required to be filled. All other vacancies so created shall be filled in such manner as now or hereafter may be provided by law, and all vacancies in nominations so created shall be filled in the manner provided by section 979 of this act."

Although this section of the act does not specifically cover the facts in the present case it does provide that if a defective condition of the ballot may have affected the result of a primary, the primary as to that particular office shall be declared invalid. We believe this section is broad enough to cover the present situation. To allow a nomination to stand based upon a primary ballot defective as aforesaid would also be against

public policy and therefore void. Therefore, we shall enter an order declaring the nomination of John H. Hanrahan as Republican candidate for the office of Supervisor in Westfall Township invalid.

And now, October 7, 1949, after due hearing, it is hereby ordered, adjudged and decreed that the nomination of John H. Hanrahan, Republican candidate for the office of Supervisor in the Township of Westfall, County of Pike and State of Pennsylvania, at the primary election held on September 13, 1949, is hereby declared invalid and of no effect. The clerk of the court is directed to give notice of this decree to the Republican county chairman of Pike County and the secretary of the Republican county committee of that county.