B. G. ROSENBAUM, *etc.*

*v.*

THE PRESENT COMMON COUNCIL OF THE TOWN OF EAST BANK, *et al.*

(No. 12850)

Submitted September 3, 1969.     Decided October 7, 1969.

436

*Rex Burford,* for relator.

*F. Duane Hill,* for respondents.

CALHOUN, JUDGE:

In this mandamus proceeding instituted in this Court pursuant to its original jurisdiction in cases of that character, B. G. Rosenbaum, the petitioner, who was a candidate of the Citizen's Party for reelection to the office of Mayor of the Town of East Bank at a general election held by that municipal corporation on June 3, 1969, seeks to require the respondents, James E. Pyles, as mayor, Minnie C. McGraw, as recorder, and Harold Evans, G. C. Fannin, Kenner Huffman, Donald E. Johnson and Paul Platt as members of the town council, to reconvene forthwith in their capacity as a board of canvassers, to "canvass the official and legal ballots", and to declare that the petitioner and other candidates of the Citizen's Party were duly and legally elected, respectively, as mayor, recorder and as the five members of the town council at the general election held on the date stated above.

The case is complicated by the fact that the petitioner asserts that he and other candidates of the Citizen's Party were elected at a general election held on June 3, 1969, by use of voting machines and by a single board of five election officials, whereas the respondents assert that they were duly elected to their several offices as nominees representing the Progressive Party at a general election held and conducted on the same date, but at a

different place within the municipality, by means of paper ballots and by a double board consisting of ten election officials.

The case was submitted for decision in this Court upon the mandamus petition, the answer of the respondents, a pleading with exhibits designated as a demurrer of the petitioner to the answer, and upon briefs in writing and oral argument of counsel. The material facts are not disputed.

The Town of East Bank is a municipal corporation created by a "certificate of incorporation" issued by the Circuit Court of Kanawha County on October 17, 1889. See Barnes' West Virginia Code, 1923, Chapter 47, Section 9; Code, 1931, 8-2-7, as amended. The validity of this statutory provision was upheld in a case styled *In The Matter of*: *Proposal to Incorporate the Town of Chesapeake,* 130 W. Va. 527, 45 S. E.2d 113.

The answer alleges that, according to the 1968 Blue Book, the Town of East Bank has a population of 1,023. The municipal officers consist of a mayor, a recorder and five councilmen, all of whom have a right to vote as members of the council. Barnes' Code, 1923, Chapter 47, Section 27; Code, 1931, 8-3-8. We cannot discern from the record that any method has been specifically prescribed by the certificate of incorporation, by charter or by ordinance for the manner in which municipal officers shall be nominated and elected. The Town of East Bank has not by ordinance made provision for integrating municipal elections with the system of "permanent registration of voters" pursuant to Code, 1931, 8-3-14, as amended. There is no contention that the absence of such an ordinance is material to a proper decision of this case. *State ex rel. Peck* v. *The City Council of the City of Montgomery,* 150 W. Va. 580, pts. 2 and 3 syl., 148 S. E.2d 700.

From the petition and answer, it appears that it is agreed that it was proper to hold the general election

on the first Tuesday in June pursuant to the provisions of Code, 1931, 8-3-4, as amended, and that the manner of nominating and electing municipal officials in the Town of East Bank is governed by the provisions of Code, 1931, 8-3-16, which, prior to July 1, 1969, the effective date of Chapter 86, Acts of the Legislature, Regular Session, 1969, was as follows: "Any municipality, not having a special charter, may prescribe the method of nominating its officers and holding its elections, but such method shall not be inconsistent with any general provisions of law." It is pertinent to note that references in this opinion to Chapter 8, Code, 1931, relate to that chapter as it was prior to its amendment and reenactment by the legislative act, previously referred to, which became effective July 1, 1969.

Code, 1931, 8-3-16, quoted immediately above, does not specify or define the method by which a municipality, not having a special charter, "may prescribe the method of nominating its officers and holding its elections." The manner of nominating candidates for office in the Town of East Bank in the years prior to 1969 appears to have been pursuant to an informal pattern lacking in uniformity. In *Bannister v. Town of Glasgow,* 117 W. Va. 172, 173, 185 S. E. 2, 3, it was held that a course of conduct over a period of years of making nominations by conventions was "tanamount to prescribing a method of making nominations, within the meaning of Code, 1931, 8-3-16, * * *." It is also stated in the syllabus of that case that the provisions of Code, 1931, 8-3-15, making general primary election laws applicable to municipalities have no application "to a municipality, not having a special charter, which has followed a course of conduct tantamount to prescribing a method of making nominations." The present case must be distinguished from a case of a municipality having a charter which makes specific provision for the manner of nomination or election of municipal officers. *State ex rel. Lockhart* v. *Rog-*

*ers,* 134 W. Va. 470, 61 S. E.2d 258; *State ex rel. Smith* v. *Pride,* 132 W. Va. 801, 54 S. E.2d 31.

We cannot determine from the record that the Town of East Bank has followed a consistent pattern of nominating candidates for municipal offices in years past such as to be tantamount to prescribing a precise method of making such nominations within the meaning of Code, 1931, 8-3-16, and the case of *Bannister* v. *Town of Glasgow* to which reference has been made previously in this opinion. The power to prescribe a method of nominating and electing officers would seem to include a power to change or modify the method from time to time. Apparently nominations in the Town of East Bank have been made in most instances in past years by some informal convention method but only recently by primary elections. The three parties which have from time to time made nominations of candidates for election to the several municipal offices have been the Progressive Party, the Citizen's Party and the People's Party. By action of the town council on March 25, 1969, provision was made for holding a primary election in 1969, and it was further provided that the three political parties previously referred to, Progressive, Citizen's and People's, would have the right to present candidates for nomination in such primary election.

Elections are held biennially in the Town of East Bank. In the 1967 general election, only the Citizen's Party had nominees on the election ballot. The petitioner and other nominees of the Citizen's Party accordingly were elected in 1967 for two-year terms of office which expired June 30, 1969. In prior years, apparently two or three of the parties have generally presented nominees for election.

In the primary election held on April 29, 1969, the Citizen's Party submitted candidates for all the seven municipal offices and Earl Roger MacLeery was a candidate of the People's Party for the office of mayor. All

such candidates were nominated; however, MacLeery withdrew as a candidate on May 19, 1969. The petitioner asserts in his petition, therefore, that he and other persons nominated as candidates of the Citizen's Party in the primary election were the only persons whose names were entitled to appear as nominees on the general election ballot. However, the Progressive Party gave notice that it would hold a nominating convention in the Sanitary Board and Water Company Building at 7 p.m. on Friday, April 18, 1969, for the purpose of nominating candidates to represent that party in the general election to be held on June 3, 1969. At that convention, the respondents were nominated as candidates of the Progressive Party. The primary election, as we have stated previously, was held on April 29, 1969.

A letter dated May 6, 1969, written by Minnie C. MeGraw, Recorder, and addressed to Thomas P. Maroney, Chief Registrar for Kanawha County, listed the names of five persons who would constitute the election officials to conduct the General Election to be held on June 3, 1969, in the Sanitary Board and Water Company Building, 2509 First Avenue, in the Town of East Bank. The mandamus petition states that this "letter was approved by all of the rest of the common council of the Town of East Bank, * * *." By a letter written by the recorder to the chief registrar on May 6, 1969, the recorder stated that the official general election ballot should list the names of the seven nominees of the Citizen's Party, the names of the seven nominees of the Progressive Party and the name of Earl Roger MacLeery, the candidate for mayor representing the People's Party. The mandamus petition states that the letter was approved by four of the five councilmen. To this point it was apparently contemplated by everybody concerned that voting machines would be used in holding the general election.

The mandamus petition alleges that the petitioner, Mayor Rosenbaum, wrote a letter to Mr. Maroney, Chief

Registrar, requesting that only the names of the nominees of the Citizen's Party be listed on the official ballot for the general election. On May 15, 1969, Mr. Maroney wrote a letter to all the nominees, including the town officials, stating that he had no authority to decide the dispute concerning the names of candidates properly to appear on the general election ballot; that his office could not render assistance to the town in connection with the general election by formulating a ballot or by furnishing voting machines; and that the municipal officers would be required to have paper ballots printed for use in the general election or secure voting machines from some other source.

On May 16, 1969, Mr. John A. Amick, County Attorney, wrote a letter to the Clerk of the Circuit Court of Kanawha County in which he expressed some legal opinions concerning the controversy relating to the proposed ballot. On May 19, 1969, Mayor Rosenbaum directed a letter to Mr. Maroney stating that if it were possible for the town to have use of the voting machines, "in compliance with the ruling handed down over the weekend", the machine ballot should contain only the nominees of the Citizen's Party and the name of the candidate for mayor representing the People's Party. We are not able to determine from the record that this letter was written by the mayor pursuant to authority or approval of the town council. On May 21, 1969, the Clerk of the County Court, by Thomas P. Maroney, wrote a letter to the mayor, apparently in compliance with the request made in the mayor's letter to Maroney, stating that the clerk would complete the ballot and furnish voting machines for use in the "Municipal General Elections" to be held June 3, 1969.

At a regular meeting of the Town Council held on May 27, 1969, by unanimous vote of the seven municipal officials, Earl Roger MacLeery was permitted to with-

draw his name as a candidate for mayor representing the People's Party. The following also appears as a part of the minutes of that meeting:

C. Evans moved to approve letters of notification that the General Election of June 3, 1969 be held on the first Floor of the Town Hall (now used and occupied by the Fire Department) and that paper ballots be used at this election; and that a double Board be chosen to hold this election; and that three election officials be designated by the Progressive Party and three by the Peoples Party and three by the Citizens Party, and that a tenth member be chosen by the Town Council. The Mayor ruled this motion 'out of order'. Mayor refused to allow a vote on his ruling and said that he was 'veto' ing both motions.

C. Evans moved that 'The Town Council' having always possessed and exercised the authority to control and conduct Town Elections, the General Election of June 3, 1969, shall be held on the first floor of the Town Hall (now occupied by Fire Department) and paper ballots be used at this election. A Double Board shall hold this election; and three election officials shall be designated by the Progressive Party, three by the Peoples Party and three by the Citizens Party, and a tenth by the Town Council. This motion was ruled out of order by the Mayor on advice of Red Crawford and John Amick. Vote on propriety of the Mayor's motion, 5 votes opposed to the Mayor's ruling. 2 votes in favor of the Mayor's ruling. Last of all Mayor refused to bring the motion to a vote saying he was vetoing it on the advice of Red Crawford and John Amick. The proposed ballot was read by the recorder. * * *.

\* \* \*

C. Pyles moved to authorize the Recorder to order all supplies and equipment as she sees fit, for the General Election to be held on June 3, 1969. The Mayor ruled this motion out of order and refused to allow a vote on his ruling. Said

he was vetoing the motion and request for a vote on his ruling, based on advice from Red Crawford and John Amick on the point of order.

C. Fannin moved to designate the Recorder's letter of May 6, 1969, to Mr. Thomas Patrick Maroney as the official canvass of the Candidates chosen by the citizens of the Town of East Bank to have their names appear on the official ballot for the General Election of June 3, 1969. The Mayor ruled this motion 'out of order' and refused to allow a vote on his ruling. He said he was acting on the advice of Red Crawford and John Amick. Councilman Pyle raised a point of order. The Mayor refused to allow the point of order and refused to let the council vote on his refusal to hear the motion.

A motion by C. Evans seconded by C. Pyles to approve the letters of notification which the Recorder has forwarded to the Election Officials in the General Election of June 3, 1969 was approved by 5 votes for the motion. Mayor and C. Moss voted against.

The Mayor, head of the Citizen's Party, announced that Mrs. Georgia Crist would be replaced as an election official by Mr. Tom Dooley. The Mayor left the meeting at this point.

C. Pyles moved the meeting be adjourned. This motion was seconded by C. Rollins and was approved by unanimous vote.

The following appears as a part of the minutes of a special meeting of the town council held on May 31, 1969.

The Mayor opened the meeting by saying that he supposed every one was present who was coming to the meeting, so 'lets get on with it'. Then the Mayor announced that the meeting was illegal and was adjourned. The Recorder pointed out to the Mayor that he could not adjourn the meeting in that manner. The Mayor then left the room accompanied by all of the spectators except Mr. Sherman Jarrett.

The Recorder immediately called the meeting to order, and there was some discussion about the eligibility of Mrs. Sally Jarrett, to serve as an election clerk, because her husband Sherman is a candidate. No action was taken on this. There was then discussion of the eligibility of Jasper T. Dooley to serve as an election commissioner because he has recently served as a Deputy Sheriff. Mr. Jarrett said he would discuss both matters with the Mayor.

Councilman James E. Pyles made the following motion: That the General Election of June 3, 1969 will be held in the first floor of the Town Hall, (Fire Department) from the hours of 6:30 A.M. to 7:30 P.M. Paper Ballots will be used.

Poll Workers will be:

(A)    for the Citizen's Party
(1)    Roy Rader, Commissioner
(2)    Jasper T. Dooley, or his replacement, Commissioner
(3)    Sally Jarrett, Clerk

(B)    for the People's Party
(1)    W. S. Hall, Commissioner
(2)    Georgia Crist, Commissioner
(3)    Frank Howery, Clerk

(C)    for the Progressive Party
(1)    J. R. Gifford, Commissioner
(2)    Louise Callison, Commissioner
(3)    Yvonne Kirk, Clerk

(D)    Appointed by the Council
(1)    W. K. Evans, Clerk

The Double Board of Election Officials listed above will be divided into a Receiving Board and a Counting Board. All Poll Workers will report at the Polling Place no later than ten minutes before 6:30 A.M. on Tuesday, June 3, 1969.

\* \* \*

The Receiving Board shall consist of 3 Election Commissioners and 2 poll Clerks as follows:

(1)  Roy Rader, Commissioner
(2)  Georgia Crist, Commissioner
(3)  J. R. Gifford, Commissioner
(4)  Sally Jarrett, Clerk
(5)  Louise Callison, Clerk

And the Counting Board shall consist of 3 Election Commissioners and 2 Poll Clerks as follows:

(1)  W. S. Hall, Commissioner
(2)  Maxine Burton, Commissioner
(3)  Yvonne Kirk, Commissioner
(4)  Robert Stone, Clerk
(5)  Frank Howery, Clerk

Poll Workers are ordered not to use voting machines.

The Common Council's Official Canvass of Candidates, (chosen by their Parties, either by Primary Election or by Convention, to be candidates in the General Election of June 3, 1969), is as follows:

| Citizens | Peoples | Progressive |
|---|---|---|
| Mayor | Mayor | Mayor |
| B. G. Rosenbaum | Earl Roger MacLeery | James E. Pyles |
| | | |
| Recorder | | Recorder |
| Mrs. Audrey Harless | | Minnie C. McGraw |
| | | |
| Councilmen | | Councilmen |
| John Darlington, Sr. | | Harold Evans |
| Sherman "Shag" Jarrett | | Grover C. Fannin |
| Murray J. Coleman | | Kenner Huffman |
| Paul MacLeery | | Donald E. Johnson |
| Wilbur Moss | | Paul Platt |

\*    \*    \*

The Council of the Town of East Bank, West Virginia, met in a properly called meeting on the 31st day of May, 1969, and took the following action: The Council re-affirms that paper ballots will be used for the said election so that the citi-

zens of East Bank may have the opportunity to vote for candidates on each of the three political parties.

Contrary to action taken earlier by the Council, the voting machines provide only one slate of candidates, thus the people would be deprived of an opportunity to vote for any other candidates if the voting machines are used. The Council instructs the election officials to use only the paper ballots in the said election.

The above motion was seconded by C. Evans. There were four votes in favor of the motion. Harold Evans, James E. Pyles, A. C. Rollins, and Minnie C. McGraw, voted for the motion, which passed.

The names of all the seven persons nominated at the primary election as candidates of the Citizen's Party and the names of all the seven persons nominated by convention to represent the Progressive Party appeared on the paper ballot at the general election conducted by the ten persons who constituted the receiving board and the counting board. Only the names of the seven candidates representing the Citizen's Party appeared on the ballot of the election conducted by five election officials by use of voting machines.

On June 9, 1969, the municipal board of canvassers, consisting of Mayor Rosenbaum, Minnie McGraw, recorder, and the five councilmen met according to law to canvass the results of the general election held on June 3, 1969. The petition alleges that the canvassing board wrongfully and unlawfully canvassed only the returns of the election held by paper ballots and consequently wrongfully declared and certified all candidates of the Progressive Party to have received majorities of the votes and to have been duly elected. The petition further alleges that only the results of the voting as disclosed by the voting machines should have been canvassed and that such a canvass would have disclosed the election of all persons nominated at the primary election as candidates of the Citizen's Party.

In contradiction of the contention made in the mandamus petition, the respondents by their answer assert that, by the formal and official action of the Town Council taken after being advised that voting machines could not be made available, it was determined that the general election would be held on the first floor of the Town Hall by means of paper ballots and a double board consisting of ten designated persons and not at the Sanitary Board and Water Company Building by means of voting machines and a single board consisting of five designated persons.

It is further alleged in the answer that Minnie C. MeGraw, as recorder, was advised by a letter from Thomas P. Maroney that voting machines had been prepared "containing a purported ballot" to be used in the general election; that in her official capacity as recorder "she travelled to the far end of Kanawha County to be present at the Voting Machine Warehouse, 2603 Charles Avenue, Dunbar, West Virginia, * * * to determine if the machines contained the ballot as authorized by the Council of the Town of East Bank; that upon inspection she was amazed and horrified to learn that contrary to and despite petitioner Rosenbaum's letter of March 25th insisting on representation by and recognition of all three parties, Citizen's, People's and Progressive, and contrary to and despite Courthouse official Maroney's regretful letter of May 15th to all persons concerned that the Courthouse officials 'did not have the authority to decide what persons should appear on the ballot for this election' those voting machines stared her in the face with only the nominees of the Citizen's Party appearing, * * *" and "upon being tendered papers purporting to show acceptance of these machines and the wrongful and unauthorized ballot contained thereto, * * *" she wrote thereon: "Refused—Minnie C. MeGraw." In the answer it is further alleged that Minnie C. MeGraw had been advised that Code, 1931, 3-5A-33, as amended by Chapter 64, Acts of the Legislature,

Regular Session, 1963, "provided a source of protection to the Town of East Bank from such threatened use of these machines in that the Honorable Members of the Kanawha County Court were solely responsible 'to make such machines available to any municipality * * * upon such terms and conditions as may be agreed upon between the county court and the municipality.'" The answer further alleges that "the voting machines were not delivered to, nor accepted for use by, the Council of the Town of East Bank or by any person so delegated or authorized to receive the machines by the Council and that any subsequent use of the machines in and about the June 3rd Election was unauthorized and illegal."

The majority of the council at the regular meeting held May 27, 1969, made clear its desire and purpose to hold the election by means of paper ballots, rather than voting machines; by ten election officials specifically named rather than by five persons previously designated for that purpose; and at a place other than that originally designated. The minutes disclose that the mayor thwarted and prevented the execution of the will of a majority of the council which was made manifest at that regular meeting of the council. The will of the majority was expressed and approved by proper councilmanic action at the special meeting held on May 31, 1969. The mayor "opened the meeting". Later, when he was unsuccessful in his effort to adjourn the meeting by his own action, he left the room in which the council was holding its meeting. Thereafter the recorder "called the meeting to order" and the council, by majority vote, ordered that the general election be held by paper ballots and otherwise as had been previously stated. It appears, therefore, that the alleged election by use of voting machines was held at a place, in a manner, by persons, and by a form of ballot not in accordance with the will and action of the Council of the Town of East Bank and that, for these reasons, the election was not legal and valid.

This Court has repeatedly held that relief by mandamus will not be granted unless the party seeking relief by that proceeding establishes a clear legal right to the relief sought and a corresponding duty to perform on part of the party against whom the writ of mandamus is sought. *State ex rel. Murray* v. *Public Service Commission*, 153 W. Va. 203, 168 S. E.2d 559; *American Industrial Leasing Company* v. *McElroy*, 152 W. Va. 587, pt. 4 syl., 165 S. E.2d 617.

For reasons stated in this opinion, the writ of mandamus prayed for is denied.

*Writ denied.*